UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANICE A. HAMILTON,<br>　　　Plaintiff | )<br>)<br>) |
| vs. | ) Civil Action No.05-1037-T<br>) |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>)<br>) |
| 　　　Defendant | )<br>) |

### FINAL JUDGMENT REVERSING COMMISSIONER AND ORDERING REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405 (g)

After reviewing the above-captioned case, agency counsel requested that the Appeals Council undertake further review of this case, which it agreed to do. Accordingly, the parties jointly propose that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration and a new hearing.

IT IS THEREFORE ORDERED that the Commissioner's decision is reversed and the matter remanded under sentence four of 42 U.S.C. § 405(g) for further development. Upon remand, the Appeals Council will instruct the administrative law judge ("ALJ") to conduct a new hearing and issue a new decision, wherein he will properly evaluate Plaintiff's ability to return to her past relevant work. In finding that Plaintiff could return to her past relevant work as an office clerk, the ALJ relied on testimony from a vocational expert that did not include limitations found credible by the ALJ in the body of his decision, namely, that mentally, Plaintiff was only capable of meeting the basic demands of unskilled work. Also, the vocational expert described Plaintiff's past job as an office clerk as semi-skilled, but as mentioned previously, he found that Plaintiff was only capable of unskilled work. Thus, upon remand, the ALJ must further develop the record regarding Plaintiff's ability to perform her past relevant work.

Also, upon remand, in accordance with this court's October 7, 2003 remand order, and pursuant to 20 C.F.R. §§ 404.1594 and 416.994, the ALJ will be directed to evaluate whether Plaintiff's condition has improved since the most recent favorable decision, and if necessary, obtain vocational expert testimony. In a prior ALJ decision dated August 18, 2000, the ALJ issued a partially favorable decision finding that Plaintiff was disabled from January 17, 1999 to January 17, 2000 (Tr. 297, 303). In this court's remand order, the ALJ was specifically ordered to re-evaluate the cessation of Plaintiff's mental impairment under the requirements of 20 C.F.R. § 404.1594 and 416.994 (Tr. 305). Because the ALJ failed to follow the prior court order and agency regulations in evaluating Plaintiff's claim, this case is hereby reversed and remanded.

Finally, upon remand, the Appeals Council has agreed to assign this case to a different ALJ.

Upon remand, the Commissioner shall take action consistent with the foregoing.

SO ORDERED.

13 September 2005
Date

James D. Todd
James D. Todd
United States District Court Judge


APPROVED BY:

Roger Stanfield
Roger Stanfield     By Joe A_____
P.O. Box 1146       By Consent
Jackson, Tennessee 38304-1146

Attorney for Plaintiff

2

LAWRENCE J. LAURENZI
Acting United States Attorney

By _____
Joe A. Dycus (#008730 Tennessee)
Assistant United States Attorney
167 N. Main Street, 8th Floor
Memphis, Tennessee 38103
(901) 544-4231

Attorney for the United States

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 1:05-CV-01037 was distributed by fax, mail, or direct printing on September 14, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Roger Stanfield
LAW OFFICE OF ROGER STANFIELD
P.O. Box 3338
Jackson, TN 38303--333

Honorable James Todd
US DISTRICT COURT